# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DANIEL L. RAVELLETTE,** | ) | |
| No. 08550-025, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0713-MJR |
| | ) | |
| **UNITED STATES of AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on the motion of Daniel Ravellette ("Petitioner") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. On May 18, 2010, Petitioner pled guilty to aggravated bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *See USA v. Ravellette, et al.*, **Case No. 10-CR-30006-MJR.**

On September 9, 2010, the undersigned Judge sentenced Petitioner to 308 months in prison, five years supervised release, a fine of $700, and a $200 special assessment. Judgment was entered September 10, 2010. Petitioner did not directly appeal his conviction or sentence, but on August 18, 2011, he filed the instant motion.

Petitioner raises two grounds for relief in the § 2255 motion. First, he claims that trial counsel (aware of Petitioner's history of mental health problems) was constitutionally ineffective for failing to have Petitioner independently evaluated by a mental health expert to determine his mental state at the time of the crime. Furthermore, Petitioner claims that because

pg. 1

of counsel's ineffective assistance, the guilty plea (including Petitioner's waiver of the right to appeal and seek collateral review) was not knowingly or voluntarily made. Petitioner asserts that if he had known that he could raise a defense of "diminished capacity" or "temporary insanity" at trial, he would not have pleaded guilty (Doc. 1, p. 18).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 516 U.S. 936 (1995). Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is also enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

However, a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement *itself* was the product of ineffective assistance of counsel. *U.S. v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001) (discussing *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999)). In the case at bar, Petitioner argues that counsel's inadequate performance and misinformation led him to plead guilty, making the waiver of review inapplicable in this limited scenario. Without commenting

on the merits of that argument, the Court concludes that the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, meriting a response from the Government.

The Court **ORDERS** the United States of America ("the Government") to file a response to Petitioner's motion by **February 29, 2012**. The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply, no longer than five pages, on or before **March 19, 2012**.

IT IS SO ORDERED.

DATED January 25, 2012.

s/ MICHAEL J. REAGAN__  
Michael J. Reagan  
United States District Judge